UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIM M. CAZES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-5456** |
| **EUSTIS INSURANCE, INC.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. No. 20) seeking dismissal of Plaintiff's claims. Plaintiff submitted an opposition (Rec. Doc. No. 21), and Defendant filed a reply (Rec. Doc. No. 25). Considering the motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 20) is **DENIED**.

### *BACKGROUND*

This lawsuit arises from Plaintiff's allegations that Defendant Eustis Insurance, Inc. ("Eustis") discharged her in violation of the Family and Medical Leave Act ("FMLA") and Louisiana Revised Statute 23:322, both of which prohibit disability discrimination in employment. Plaintiff specifically claims that she needed leave from work due to a back condition and that she was fired because of this medical condition. Defendant contends that Plaintiff's poor job performance and repeated absences unassociated with FMLA-protected leave were the reasons for her termination, rather than her alleged disability.

1

*DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine factual issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

For a claim to survive under the FMLA, a plaintiff must show that (1) she engaged in a protected activity, (2) her employer discharged her, and (3) there is a causal link between the

protected activity and discharge. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). While Defendant argues that Plaintiff here cannot make out a prima facie case for her FMLA claim, the Court finds that issues of material fact related to causation preclude a grant of summary judgment for Defendant at this time. While Defendant argues that past performance and attendance issues of Plaintiff warranted her dismissal from her job, Plaintiff has submitted evidence that Defendant's alleged knowledge of her FMLA-protected disability was the actual reason for her dismissal. The issue of whether Plaintiff's FMLA-protected activity caused her discharge is an issue that must be determined after the finder of fact weighs Defendant's evidence regarding Plaintiff's prior performance reviews against Plaintiff's evidence that her disclosure of her illness caused Defendant to terminate her.

New Orleans, Louisiana, this 1st day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE